**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**JAMES LAUGHLIN,**

    **Petitioner,**

vs.                                        **CASE NO. 1:08CV111-MMP/AK**

**WALTER MCNEIL,**

    **Respondent.**

_____/

**REPORT AND RECOMMENDATION**

This cause is before the Court on Petitioner's *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. After reviewing the petition, the Court ordered a response. Respondent filed a motion to dismiss for failure to exhaust and an answer to the petition. Doc. 18. Petitioner then filed a response to the motion and a reply to the answer. Doc. 19.

Petitioner's only complaint is that the Florida Department of Corrections, in calculating his release date, has violated the state court's sentencing order. He does not attack the legality of his conviction. The only relief sought by Petitioner in this cause is immediate release.

Petitioner is no longer in custody, having been released on August 4, 2008. He has therefore achieved all the relief which he requested and to which he would

have been entitled.  Because Petitioner does not attack the legality of his conviction, there is no longer a live case or controversy, and this cause should be dismissed.

The motion to dismiss should be denied.  According to the court of appeal website, Petitioner did exhaust his state court remedies.  However, the motion is now moot in light of Petitioner's release.

In light of the foregoing, it is respectfully **RECOMMENDED**:

That the motion to dismiss, Doc. 18, be **DENIED AS MOOT**;

That this cause be **DISMISSED WITH PREJUDICE, as no case or controversy further exists.**

**IN CHAMBERS** at Gainesville, Florida, this  *15*th  day of January, 2009.


*s/ ALLAN KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**